Case 3:18-cr-00872-JLS Document 565 (Court only) Filed 11/27/24 PageID.2073
Case 5:25-mj-00085-CDB Document 5 (Court only) Filed 7/25/24 Page 1 of 7
Page 1 of 7

PROB 12C
(06/17)

November 26, 2024
pacts id: 4593913

# UNITED STATES DISTRICT COURT
## FOR THE
## SOUTHERN DISTRICT OF CALIFORNIA

### Petition for Warrant or Summons for Offender Under Supervision

**Name of Offender:** David Loera (English)  **Dkt. No.:** 18CR00872-007-JLS

**Reg. No.:** 67958-298  **EDC A CASE NO.: 5:25-mj-00085-CDB**

**Name of Sentencing Judicial Officer:** The Honorable Janis L. Sammartino, U.S. District Judge

**Original Offense:** Ct. 1: 21 U.S.C. §§ 841(a)(1) and 846, Conspiracy to Distribute Heroin and Methamphetamine, a Class A felony; Ct. 3: 21 U.S.C. §§ 952 and 960, Importation of Heroin, a Class C felony.

**Date of Revocation Sentence:** July 19, 2024

**Sentence:** 6 months' custody; 48 months' supervised release. *(Special Conditions: Refer to Judgment and Commitment Order.)*

**Type of Supervision:** Supervised Release  **Date Supervision Commenced:** October 18, 2024

**Asst. U.S. Atty.:** P. Kevin Mokhtari  **Defense Counsel:** Andrew K. Nietor
(Appointed)
(619) 794-2386

**Prior Violation History:** Yes. Please refer to prior court correspondence.

---

## PETITIONING THE COURT
## TO ISSUE A NO-BAIL BENCH WARRANT

2024 NOV 27 PM 12: 27
RECEIVED
U.S. MARSHALS-S/CA

Case 3:18-cr-00872-JLS   Document 565 (Court only)   Filed 11/27/24   PageID.2074
Case 5:25-mj-00085-CDB   Document 1   Filed 10/27/25   Page 2 of 7

PROB12(C)

Name of Offender: David Loera                                              November 26, 2024
Docket No.: 18CR00872-007-JLS                                                         Page 2

---

The probation officer believes that the offender has violated the following condition(s) of supervision:

| **CONDITION(S)** | **ALLEGATION(S) OF NONCOMPLIANCE** |
|---|---|
| **(Mandatory Condition)**<br>Not commit another federal, state, or local crime. | 1. On or about October 21, 2024, Mr. Loera committed first degree residential burglary with person present, in violation of California Penal Code § 459, as evidenced by the complaint filed in Superior Court of California, County of Imperial, Case No. JCF008352.<br><br>2. On or about October 21, 2024, Mr. Loera resisted, delayed, or obstructed a peace officer, in violation of California Penal Code § 148(a), as evidenced by the complaint filed in Superior Court of California, County of Imperial, Case No. JCF008352. |

***Grounds for Revocation:*** This officer received and reviewed the Brawley, California, Police Department Report No. 24-018439 and the complaint filed in Superior Court of California, County of Imperial, Case No. JCF008352, which confirm the following: On October 21, 2024, at approximately 1042 hours, a Brawley police officer was dispatched to a residence in reference to a burglary in progress. The reporting party advised dispatch that she witnessed a male subject leave his backpack outside her porch, open the door to her residence, and lock himself inside. Furthermore, she informed she was unaware if her 13-year-old brother was still inside the residence.

Upon arrival, the officer met with two additional officers that had arrived at the scene. The officers did not see anybody outside the residence or in the area. Furthermore, they noticed the screen door was open and there was a backpack outside as described by the reporting party. Inside the backpack, officers found a box of naloxone with the name of David Loera. An officer then proceeded to walk to the back of the residence and positioned himself to prevent an escape from the rear bedroom windows. The two other officers remained at the front of the residence and gave several loud and clear callouts to no avail.

An officer began to hear footsteps and movement inside the residence. The officer then heard what sounded like a male scream and things being thrown inside the residence. At this point, additional units were requested, and officers had their dispatch contact the reporting party to provide them the key to the residence.

Moments later, Imperial County Sheriff's Office units arrived on the scene. Final callouts were given before the officers proceeded to enter the residence in order to clear it. Officers found a male subject, later identified as Mr. Loera, inside the restroom of the residence. Medical services were requested to the scene in order to check on Mr. Loera. However, Mr. Loera did not comply with the medical staff and refused medical treatment.

Officers then spoke to the reporting party who informed the officers she left the front door unlocked but did not give permission to Mr. Loera to enter the residence. Officers went inside the residence and noticed there was property damage, which they assessed to be around $1200. The damage included two holes in the wall, broken glass, removed screens from windows, broken candles, and damaged furniture. Moreover, officers noted damage to electronic equipment and miscellaneous household items. Photographs of the scene were taken and uploaded to their database system.

Mr. Loera was informed he was under arrest, and he was taken to the Pioneers Memorial Health District for medical clearance. Mr. Loera was kicking and yelling as he was being transported to the hospital. Mr. Loera did

Case 3:18-cr-00872-JLS   Document 565 (Court only)   Filed 11/27/24   PageID.2075
Case 5:25-mj-00085-CDB   Document 1   Filed 10/27/25   Page 3 of 7
Page 3 of 7

PROB12(C)
Name of Offender: David Loera                                        November 26, 2024
Docket No.: 18CR00872-007-JLS                                                Page 3

not comply with the officer's commands to exit the vehicle and did not allow the officer to close the vehicle's door. Once inside the hospital, Mr. Loera continued to not comply with the officer's commands to sit down on the chair. Later, Mr. Loera was medically cleared, and he was transported to the Imperial County Jail where he was booked with no further incident.

On October 28, 2024, a two-count complaint was filed in Superior Court of California, County of Imperial, Case No. JCF008352, charging Mr. Loera with Count 1, first degree residential burglary with person present; and Count 2, resisting, delaying, or obstructing a public officer, peace officer or emergency medical technician. Moreover, Mr. Loera is scheduled to be arraigned on November 26, 2024, at 8:30 a.m.

## VIOLATION SENTENCING SUMMARY

### SUPERVISION ADJUSTMENT

Mr. Loera was released from federal custody on October 18, 2024, at which time his 3-year term of supervised released commenced. Unfortunately, just three days after his release from custody, and before meeting with the probation officer for his intake interview, Mr. Loera was arrested for residential burglary and resisting arrest, as alleged herein as violations.

### OFFENDER PERSONAL HISTORY/CHARACTERISTICS

Mr. Loera is a 44-year-old Hispanic male. As previously indicated in the Order to Show Cause report submitted to Your Honor on February 1, 2024, Mr. Loera has a lengthy criminal record that includes arrests or convictions for obstructing/resisting a public officer, possession of controlled substances, driving under the influence, domestic violence, vehicle theft, being under the influence of a controlled substance, petty theft, and burglary. In addition, Mr. Loera has also struggled with drug addiction since he was 12 years old. His drugs of choice are methamphetamine, heroin, and fentanyl.

Mr. Loera also has a well-documented affiliation to the Encinitas Southside gang. He has a ENC gang tattoo. For the Court's information, ENC Tortilla Flats and ENC Southside are both subsets of the Varrio ENC gang.

### SENTENCING OPTIONS

### CUSTODY

**Statutory Provisions:** Upon the finding of a violation, the court may modify the conditions of supervision; extend the term (if less than the maximum authorized term was previously imposed); or revoke the term of supervised release. 18 U.S.C. § 3583(e)(2) and (3).

*As to Count 1:* If the court revokes supervised release, the maximum term of imprisonment upon revocation is 5 years. 18 U.S.C. § 3583(e)(3).

*As to Count 3:* If the court revokes supervised release, the maximum term of imprisonment upon revocation is 2 years. 18 U.S.C. § 3583(e)(3).

**USSG Provisions:** USSG §7B1.1(b), p.s., indicates that where there is more than one violation of the conditions of supervision, or the violation includes conduct that constitutes more than one offense, the grade of the violation is determined by the violation having the most serious grade. In this case the most serious conduct involves Burglary which constitutes a Grade B violation. USSG §7B1.1(a)(2), p.s.

Case 3:18-cr-00872-JLS   Document 565 (Court only)   Filed 11/27/24   PageID.2076
Page 4 of 7
Case 5:25-mj-00085-CDB   Document 1   Filed 10/27/25   Page 4 of 7
PROB12(C)
Name of Offender: David Loera                                                  November 26, 2024
Docket No.: 18CR00872-007-JLS                                                            Page 4

Upon a finding of a Grade B violation the court shall revoke supervised release. USSG §7B1.3(a)(1), p.s.

*As to Counts 1 and 3:* A Grade B violation with a Criminal History Category VI (determined at the time of sentencing) establishes an **imprisonment range of 21 to 27 months.** USSG § 7B1.4, p.s.

*As to Count 3*: However, because the maximum of the imprisonment range exceeds the statutory maximum term, the **adjusted imprisonment range is 21 to 24 months.** USSG §7B1.4(b)(3)(A), p.s.

Since "the original sentence was the result of a downward departure ... an upward departure may be warranted" upon revocation. The court can depart from the available imprisonment range and impose a sentence of up to the statutory maximum of 60 months. USSG §7B1.4, p.s., comment. (n.4), and 18 U.S.C. § 3583(e)(3).

Finally, if supervised release is revoked and a term of imprisonment is imposed, the court shall order that the term of imprisonment be served consecutively to any sentence of imprisonment the offender may be serving. USSG §7B1.3(f), p.s.

## REIMPOSITION OF SUPERVISED RELEASE

If supervised release is revoked and the offender is required to serve a term of imprisonment, the court can reimpose supervised release upon release from custody. The length of such a term shall not exceed the term of supervised release authorized by statute for the offense that resulted in the original term of supervised release, less any term of imprisonment imposed upon revocation. 18 U.S.C.§ 3583(h).

*As to Counts 1 and 3:* In this case, the court has the authority to reimpose a term of supervised release of any years up to life, less any term of imprisonment imposed upon revocation. 18 U.S.C. § 3583(k), and 21 U.S.C. §§ 841, 960.

## JUSTIFICATION FOR BENCH WARRANT

Mr. Loera is currently in custody at Imperial County Jail. The issuance of a warrant will ensure the U.S. Marshals Service will bring Mr. Loera before the Court to answer to the allegations of noncompliance reported herein as violations.

## RECOMMENDATION/JUSTIFICATION

Immediately after being released from federal custody after serving time for his first revocation of supervised release, Mr. Loera finds himself before the Court to answer for what appear to be serious allegations of noncompliance. Should these allegations be found to be true, it is respectfully recommended Mr. Loera's term of supervised release be revoked. Mr. Loera has a criminal history category of VI and the recommended imprisonment range is 21 to 27 months.

Case 3:18-cr-00872-JLS  Document 565 (Court only)  Filed 11/27/24  PageID.2077
Case 5:25-mj-00085-CDB  Document 1  Filed 10/27/25  Page 5 of 7
Page 5 of 7

PROB12(C)

| | |
|---|---|
| Name of Offender: David Loera | November 26, 2024 |
| Docket No.: 18CR00872-007-JLS | Page 5 |

The probation officer respectfully recommends Mr. Loera be sentenced to 21 months' custody as to each count, to be served concurrently, and with no more supervised release to follow. The probation officer also recommends the custodial term be served consecutively to the sentence imposed by the State of California.

**I declare under penalty of perjury that the foregoing is true and correct.**

**Executed on: November 26, 2024**

Respectfully submitted:
JENNIFER K. WALKER
CHIEF PROBATION OFFICER

by _____
Obed Flores
Senior U.S. Probation Officer
(760) 339-4217

Reviewed and approved:

_____
Lorena Gonzalez
Supervisory U.S. Probation Officer

Case 3:18-cr-00872-JLS Document 565 (Court only) Filed 11/27/24 PageID.2078 Page 6 of 7
Case 5:25-mj-00085-CDB Document 1 Filed 10/27/25 Page 6 of 7

PROB12CW                                                              November 26, 2024

# VIOLATION SENTENCING SUMMARY

1. **Defendant:** Loera, David

2. **Docket No. (Year-Sequence-Defendant No.):** 18CR00872-007-JLS

3. **List Each Violation and Determine the Applicable Grade** (*See* USSG § 7B1.1):

| Violation(s) | Grade |
|---|---|
| Burglary | B |
| Resisting, delaying or obstructing arrest | C |
| | |
| | |
| | |
| | |
| | |
| | |

4. **Most Serious Grade of Violation** (*See* USSG § 7B1.1(b))     [ B ]
5. **Criminal History Category** (*See* USSG § 7B1.4(a))     [ VI ]
6. **Range of Imprisonment** (*See* USSG § 7B1.4(a))     [ 21 to 27 months ]

7. **Unsatisfied Conditions of Original Sentence:** List any restitution, fine, community confinement, home detention, or intermittent confinement previously imposed in connection with the sentence for which revocation is ordered that remains unpaid or unserved at the time of revocation (*See* USSG § 7B1.3(d)):

| | | |
|---|---|---|
| Restitution ($) | Community Confinement | |
| Fine($) | Home Detention | |
| Other | Intermittent Confinement | |

PROB12(C)
Name of Offender: David Loera　　　　　　　　　　　　　　　　　　　November 26, 2024
Docket No.: 18CR00872-007-JLS
Page 7

**THE COURT ORDERS:**

__X__ AGREE. A NO-BAIL BENCH WARRANT BE ISSUED BASED UPON A FINDING OF PROBABLE CAUSE TO BRING THE OFFENDER BEFORE THE COURT TO SHOW CAUSE WHY SUPERVISED RELEASE SHOULD NOT BE REVOKED FOR THE ALLEGED VIOLATIONS. THE PETITION AND THE WARRANT WILL BE SEALED UNTIL THE OFFENDER HAS BEEN ARRESTED ON THE WARRANT AND THEN THE PETITION AND WARRANT MAY BE UNSEALED. NOTWITHSTANDING THE SEALING, A COPY OF THE PETITION AND WARRANT WILL BE GIVEN TO THE U.S. MARSHAL FOR USE BY LAW ENFORCEMENT.

(Currently detained at Imperial County Jail under Booking No. 24002844)

_____ DISAGREE. THE ISSUANCE OF A SUMMONS ORDERING THE OFFENDER TO APPEAR BEFORE THE COURT ON _____, AT _____, TO SHOW CAUSE WHY SUPERVISED RELEASE SHOULD NOT BE REVOKED.

_____ Other _____

_____
The Honorable Janis L. Sammartino
U.S. District Judge

11/27/2024
Date

AH for NF